UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ALFONSO COELLO-VASQUEZ, ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 05-30-B-W |
| ) | |
| ) | Civil No.  06-127-B-W |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |

### ORDER ON 28 U.S.C. § 2255 MOTION

Alfonso Coello-Vasquez has filed a 28 U.S.C. § 2255 motion with the court (Docket No. 1) which is not signed. He has also filed a motion to proceed in forma pauperis (Docket No. 2) which is moot as it is this Court's practice not to require these motions in 28 U.S.C. § 2255 cases as there is no filing fee due to be paid. If Coello-Vasquez wishes to proceed with his 28 U.S.C. § 2255 motion he will need to file a motion that is signed under penalty of perjury. See Cox v. McBride, 279 F.3d 492, 493 (7th Cir. 2002). However, as explained below, should he decide to proceed with the grounds asserted in his current 28 U.S.C. § 2255 motion his case will be susceptible to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings.

As indicated in his motion, Coello-Vasquez did not pursue a direct appeal. Judgment entered against Coello-Vasquez May 15, 2006.  On May 25, 2006, his attorney in the underlying criminal matter wrote a letter to the Court indicating that, after being informed that her client had notified the United States Marshals that he wanted to appeal, she met with Coello-Vasquez and was told that he did not notify the Marshals that he

wanted an appeal.  Counsel drafted a waiver but Coello-Vasquez refused to sign it even though he agreed with what was written and clearly indicated he did not want to appeal. Counsel told her client that she would need to file a notice of appeal by May 23, 2006, as she would be out of the office on the 24th.  She informed him of the ten-day deadline. Apparently Coello-Vasquez did not notify counsel by May 23 that he wanted an appeal and the Court received no notice of appeal via a different avenue.

       In this 28 U.S.C. § 2255 motion Coello-Vasquez raises three grounds.  His first ground is an ineffective assistance of counsel claim, a type of claim that is as a rule appropriately raised for the first time in a § 2255 proceeding.  See United States v. Downs-Moses, 329 F.3d 253, 264-65 (1st Cir. 2003) ("Typically we do not consider claims of ineffective assistance of counsel on direct appeal").  However, Coello-Vasquez's ineffective assistance claim is that his attorney told him that if he did appeal the Court could decide to increase his sentence but when he got to the federal correctional facility he learned that the worse thing that could happen would be that the court would deny his appeal without increasing his sentence.

       In his second 28 U.S.C.§ 2255 ground Coello-Vasquez faults the Court for not awarding him a 5K1.1 departure in view of a promise that Captain Pike at the Cumberland County Jail made to Coello-Vasquez that he would receive this departure because he alerted the jail to another inmate's plan to escape.  This ground is a sub-constitutional challenge to his sentence that should have been raised via a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal."); Knight v. United States, 37 F.3d 769, 772 -73 (1st Cir. 1994) ("A nonconstitutional claim that could have

been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances.").[1]

And in his third 28 U.S.C. § 2255 ground Coello-Vasquez asserts that at the time when he was judged and sentenced he was on anti-depressive medication and was not able to understand the nature of the charge and the consequences of his plea.  This claim also could have been raised in a direct appeal.  See United States v. Parra-Ibanez, 936 F.2d 588, 593-94 (1st Cir. 1991) (explaining that a challenge to defendant's competency to plead in light of medication was appropriately aired in a direct appeal as opposed to a 28 U.S.C. § 2255 motion).  To the extent that it states a cognizable 28 U.S.C.§ 2255 claim, this Court would be at liberty to draw on its own first-hand knowledge of the plea hearing, see United States v. McGill, 11 F.3d 223, 225 (1st Cir.1993), and the record in the criminal case to determine whether or not this ground should be dismissed without further proceedings.  See United States v. Butt, 731 F.2d 75, 77 (1st Cir. 1984); De Vincent v. United States, 602 F.2d 1006,1008 (1st Cir. 1979).

Accordingly, if Coello-Vasquez wishes to proceed on the current 28 U.S.C. § 2255 motion he must file an amended motion that is signed under penalty of perjury by November 6, 2006.  If he wishes to withdraw the motion without prejudice he must inform the court of this intent by the same date.

*So Ordered.*
October 12, 2006                                        /s/ Margaret J. Kravchuk
                                                                      U.S. Magistrate Judge

---

[1]     I also note that any promise a jail official made to him would not be binding on this Court when imposing a sentence.