UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ALFONZON COELLO-VASQUEZ, )<br>)<br>)<br>v.                                        )<br>)<br>)<br>UNITED STATES OF AMERICA,  )<br>)<br>) | Criminal No. 05-30-B-W<br><br>Civil No.  06-127-B-W |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

  Alfonzo Coello-Vasquez, serving a forty-six month sentence on his guilty-plea-conviction on a charge of re-entry of a deported alien, filed a 28 U.S.C. § 2255 motion (Docket No. 1) which he amended to comply with the oath requirement (Docket No. 5). Coello-Vasquez did not pursue a direct appeal.  In his 28 U.S.C. § 2255 motion Coello-Vasquez presses three grounds.   The United States has filed a responsive motion seeking summary dismissal.  (Docket No. 9.)  I recommend that the Court deny Coello-Vasquez relief for the following reasons.

*Discussion*

*Limitations of 28 U.S.C. §2255 Review*

  Coello-Vasquez is entitled to  28 U.S.C. § 2255 relief only if his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack"  28 U.S.C. § 2255 ¶ 1.  With respect to this Court's review of Coello-Vasquez's § 2255 claims, summary dismissal is appropriate if his motion: "'(1) is inadequate on its face, or (2)

although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" United States v. DiCarlo, 575 F.2d 952, 954 (1978)(quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir.1974)). "Thus, the petition is subject to dismissal, without an evidentiary hearing, if the grounds for relief either are not cognizable under section 2255 or amount to mere 'bald' assertions without sufficiently particular and supportive allegations of fact." Barrett v. United States, 965 F.2d 1184, 1186 (1st Cir. 1992) (citing Moran, 494 F.2d at 1222).

> Furthermore:
>
> "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Reed v. Farley, 512 U.S. 339, 354 (1994) (internal citation omitted). The principles of finality, federalism, and comity inform the scope of habeas review. Sanna v. Dipaolo, 265 F.3d 1, 7 (1st Cir.2001) (citing Brecht v. Abrahamson, 507 U.S. 619, 633-35 (1993); Teague v. Lane, 489 U.S. 288, 308-10 (1989)). Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence. Bousley v. United States, 523 U.S. 614, 622 (1998).

Berthoff v. United States, 308 F.3d 124, 127-28 (1st Cir. 2002).

Coello-Vasquez does have one ineffective assistance claim and his motion does suggest that his attorney was responsible for not raising his other two grounds in direct appeal. The First Circuit summarizes a § 2255 movant's Strickland v. Washington, 466 U.S. 668 (1984) burden as follows:

> An ineffective assistance claim requires the defendant-who bears the burden of proof, Scarpa v. DuBois, 38 F.3d 1, 8-9 (1st Cir.1994)-to show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that but for counsel's failures, the outcome would likely have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); Cofske v. United States, 290 F.3d 437, 441 (1st Cir.2002)

Cirilo-Munoz v. United States, 404 F.3d 527, 530 (1st Cir. 2005).

*My Previous Order*

Coello-Vasquez initially filed a 28 U.S.C. § 2255 motion that was not signed under penalty of perjury.  I issued a preliminary order flagging certain problems with the motion.  For ease of reference that prior order is set forth below:

> Alfonso Coello-Vasquez has filed a 28 U.S.C. § 2255 motion with the court (Docket No. 1)  which is not signed.  He has also filed a motion to proceed in forma pauperis (Docket No. 2) which is moot as it is this Court's practice not to require these motions in 28 U.S.C. § 2255 cases as there is no filing fee due to be paid.  If Coello-Vasquez wishes to proceed with his 28 U.S.C. § 2255 motion he will need to file a motion that is signed under penalty of perjury.  See Cox v. McBride, 279 F.3d 492, 493 (7th Cir. 2002).  However, as explained below, should he decide to proceed with the grounds asserted in his current 28 U.S.C. § 2255 motion his case will be susceptible to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings.
>
> As indicated in his motion, Coello-Vasquez did not pursue a direct appeal. Judgment entered against Coello-Vasquez May 15, 2006.  On May 25, 2006, his attorney in the underlying criminal matter wrote a letter to the Court indicating that, after being informed that her client had notified the United States Marshals that he wanted to appeal, she met with Coello-Vasquez and was told that he did not notify the Marshals that he wanted an appeal.  Counsel drafted a waiver but Coello-Vasquez refused to sign it even though he agreed with what was written and clearly indicated he did not want to appeal.  Counsel told her client that she would need to file a notice of appeal by May 23, 2006, as she would be out of the office on the 24th.  She informed him of the ten-day deadline.   Apparently Coello-Vasquez did not notify counsel by May 23 that he wanted an appeal and the Court received no notice of appeal via a different avenue.
>
> In this 28 U.S.C. § 2255 motion Coello-Vasquez raises three grounds.  His first ground is an ineffective assistance of counsel claim, a type of claim that is as a rule appropriately raised for the first time in a § 2255 proceeding.  See United States v. Downs-Moses, 329 F.3d 253, 264-65 (1st Cir. 2003) ("Typically we do not consider claims of ineffective assistance of counsel on direct appeal").  However, Coello-Vasquez's ineffective assistance claim is that his attorney told him that if he did appeal the Court could decide to increase his sentence but when he got to the federal correctional facility he learned that the worse thing that could happen would be that the court would deny his appeal without increasing his sentence.
>
> In his second 28 U.S.C.§ 2255 ground Coello-Vasquez faults the Court for not awarding him a 5K1.1 departure in view of a promise that Captain Pike at the Cumberland County Jail made to Coello-Vasquez that

3

> he would receive this departure because he alerted the jail to another inmate's plan to escape. This ground is a sub-constitutional challenge to his sentence that should have been raised via a direct appeal. See United States v. Frady, 456 U.S. 152, 165 (1982) ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal."); Knight v. United States, 37 F.3d 769, 772 -73 (1st Cir. 1994) ("A nonconstitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances.").
>
> And in his third 28 U.S.C. § 2255 ground Coello-Vasquez asserts that at the time when he was judged and sentenced he was on anti-depressive medication and was not able to understand the nature of the charge and the consequences of his plea. This claim also could have been raised in a direct appeal. See United States v. Parra-Ibanez, 936 F.2d 588, 593-94 (1st Cir. 1991) (explaining that a challenge to defendant's competency to plead in light of medication was appropriately aired in a direct appeal as opposed to a 28 U.S.C. § 2255 motion). To the extent that it states a cognizable 28 U.S.C.§ 2255 claim, this Court would be at liberty to draw on its own first-hand knowledge of the plea hearing, see United States v. McGill, 11 F.3d 223, 225 (1st Cir.1993), and the record in the criminal case to determine whether or not this ground should be dismissed without further proceedings. See United States v. Butt, 731 F.2d 75, 77 (1st Cir. 1984); De Vincent v. United States, 602 F.2d 1006,1008 (1st Cir. 1979).
>
> Accordingly, if Coello-Vasquez wishes to proceed on the current 28 U.S.C. § 2255 motion he must file an amended motion that is signed under penalty of perjury by November 6, 2006. If he wishes to withdraw the motion without prejudice he must inform the court of this intent by the same date.

(Oct. 12, 2006 Order at 1-3, Civ. No. 06-127-B-W, Docket No. 3) (footnote omitted).

Coello-Vasquez did file an amended motion that was properly signed but he did not alter the substance of his grounds to address any of the flags I raised in the above order.

### 1.   *Ineffective Assistance of Counsel on Advice Not to Pursue a Direct Appeal*

In his first 28 U.S.C. § 2255 ground, Coello-Vasquez explains that on May 15, 2006, after he was sentenced this Court informed him of his right to appeal. He alleges that he discussed this right with his attorney and she told him that the Court might decide to increase the length of his sentence if Coello-Vasquez elected to appeal. He represents

4

that once he arrived at a federal correctional institution he "learned that the Court doesn't increase the sentence of any person [] just because of his decision to submit an appeal."

The judgment in Coello-Vasquez's case entered on May 15, 2006. His defense attorney submitted the following letter to the clerk of this court on May 25, 2006:

> I write to follow up o[n] the issue on Appeal regarding Alfonso Coello-Vasquez.
> I understood he notified the U.S. Marshals that he wanted to Appeal.
> I met with Mr. Coello-Vasquez along with an interpreter on Saturday, May 20, 2006 at the Cumberland County Jail. He reported that he did not notify anyone that he wanted to Appeal.
> I drafted an on the spot waiver, had an interpreter translate it and put the translation in writing (see the attached originals). Mr. Coello-Vasquez refused to sign it despite his assertion of the agreement with the writing and clearly indicating he does not wish to Appeal. I informed him that I would need to file a notice of Appeal by Tuesday, May 23, 2006 because I am out of the office all day Wednesday. He was informed of the ten day deadline.
> Because of the aforementioned, I will not file a direct Appeal or a [2255] Appeal on behalf of Mr. Coello-Vasquez.
> If you have any questions feel free to contact my office.

(Criminal No. 05-30-B-W, Docket No. 93.) This letter was copied to Coello-Vasquez. (Id.)

In addition to asserting that Coello-Vasquez had no meritorious grounds for appeal, the United States points out that, in view of this letter, there is no counteracting record support of his factual assertion that he took any affirmative step to assure that his attorney filed an appeal on his behalf. See generally, Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (applying the Strickland test to a claim that counsel was constitutionally ineffective for failing to file a notice of appeal).[1] Coello-Vasquez has not responded to the United States' motion to dismiss so the record evidence that is available to the court

---

[1] With respect to the United States' assertion that the claims are without merit anyhow, Flores-Ortega made it rather clear that counsel cannot ignore specific instructions to file an appeal, whatever the merit of the claims envisioned. 528 U.S. at 477; see also id. at 485-87.

unequivocally contradicts his claim that his attorney disregarded an expressed desire to press an appeal.  In my view, in light of counsel's documented efforts to determine whether or not her client wanted to take an appeal, this case falls in the "spectrum" of cases where a defendant has expressly indicated to counsel that he did not want to appeal and Coello-Vasquez "plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Flores-Ortega, 528 U.S. at 477.  Coello-Vasquez's self-serving suggestion that his attorney informed him that he might receive a higher sentence if he appealed is insufficient to warrant an evidentiary hearing on this question.  See David v. United States, 134 F.3d 470, 478 (1st Cir. 1998); Barrett, 965 F.2d at 1186.

### 2.     *Failure to Award a U.S.S.G § 5K1.1 Departure*

In his second 28 U.S.C. § 2255 ground Coello-Vasquez argues that he was entitled to a U.S.S.G. § 5K1.1 departure for cooperation.  He explains that while he was incarcerated in the Cumberland County Jail he made an agreement with Captain Pike that Coello-Vasquez would receive this departure if he revealed information relating to another inmate's plans to escape from jail.  Coello-Vasquez represents that he had decided to raise this ground on direct appeal but his attorney did not respect that decision.

With respect for any excuse for his failure to raise this ground on direct appeal, I have already concluded that Coello-Vasquez has not met his burden of demonstrating that his attorney disregarded his desire to pursue an appeal.  Furthermore, Coello-Vasquez was put on notice that this ground is a sub-constitutional challenge to his sentence that should have been raised via a direct appeal.  See Frady, 456 U.S. at 165 ("[W]e have long and consistently affirmed that a collateral challenge may not do service for an appeal."); Knight, 37 F.3d at 772 -73 ("A nonconstitutional claim that could have been, but was not,

6

raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances.").

What is more, as the United States points out in its motion to dismiss, this Court took pains to explore his claim of cooperation during the sentencing and the evidence in the record is that neither defense counsel nor the prosecutor could find any evidence that Coello-Vasquez had cooperated in any fashion. (Sentencing Tr. at 15, 21-23.) After defense counsel told the court that she had made efforts to track something down on her client's alleged cooperation and that she could not, this Court explained:

> All right. Well, the record reflects that, although Mr. Coello-Vasquez has raised the issue, the court has inquired of counsel. Defense counsel is unaware of any grounds that would justify a motion by the government, and the government has itself formed a separate evaluation as to whether Section 5K.1. should be invoked and has determined not to make a motion to that effect.

(Id. at 23.) This ground is subject to summary dismissal.

### 3.   *Guilty Plea Entered Without an Understanding of the Nature of the Charges and the Consequences of the Plea*

Finally, Coello-Vasquez argues that he was not competent to enter his guilty plea because, during the entire process of his prosecution, he was on anti-depressive medications. Because of these medications, Coello-Vasquez maintains, he was not able to understand the nature of the charge and the consequences of the plea. Again, Coello-Vasquez asserts that he attempted to raise this ground via a direct appeal "but once again his counsel demonstrated … his inefficiency."

Coello-Vasquez moved for a competency evaluation which was granted and the parties agreed after receiving this report that he was competent to stand trial. (Crim. No. 05-30-B-W, Docket Nos. 69, 70 & 79.) On January 5, 2006, he appeared with counsel

7

before this Court to plead guilty to the indictment. The proceeding was conducted with the assistance of a Spanish language interpreter. (Plea Tr. at 2.) Coello-Vasquez said he had completed one year of college. (Id.) He indicated that he was taking Uric Acid and Indocin and said that neither medication had an impact on his ability to think or to tell the judge what he was thinking. (Id. at 3.) He had not used drugs or alcohol in the preceding twenty-four hours. (Id. at 4.) He was asked "Do you feel you understand what is happening in these proceedings?" and Coello-Vasquez replied "yes." (Id.) After observing him, the Court found Coello-Vasquez competent to enter a plea, stating:

> The court having observed the defendant in making his answers and his demeanor and manner and attitude and the court having observed the defendant does not appear to be under the influence of medicine, drugs, or any other substance that may affect his judgment in this matter, I find the defendant is competent to enter a plea.

(Id.) The Court recounted on the record that Coello-Vasquez had filed a motion to determine competency and that following an evaluation and the receipt of the report, he had withdrawn his motion. (Id. at 4-5.) Coello-Vasquez agreed that he did not want to proceed with any claim that he was not mentally competent, specifically stating, "I am competent." (Id. at 5.)

In my prior order I forewarned Coello-Vasquez that his claim could have been raised in a direct appeal. See Parra-Ibanez, 936 F.2d at 593-94 (explaining that a challenge to defendant's competency to plead in light of medication was appropriately aired in a direct appeal as opposed to a 28 U.S.C. § 2255 motion). I further indicated that, to the extent that it states a cognizable 28 U.S.C.§ 2255 claim, this Court would be at liberty to draw on its own first-hand knowledge of the plea hearing, see McGill, 11 F.3d at 225, and the record in the criminal case to determine whether or not this ground

8

should be dismissed without further proceedings.  See Butt, 731 F.2d at 77; De Vincent, 602 F.2d at 1008.   In my view, there is no reason on this record to excuse Coello-Vasquez's procedural default of this ground or to revisit this Court's determination that he was indeed competent to enter a valid guilty plea.

## *Conclusion*

I recommend that the Court summarily dismiss Coello-Vasquez's 28 U.S.C. § 2255 motion.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

March 27, 2007.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge